IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



TALBOT ROBINSON                                          **PLAINTIFF**

VS.                                          ·· CAUSE NO.: 3:16-cv-687 LG-RHW

THOMAS COLUCCI, INDIVIDUALLY AND AS AN
EMPLOYEE OF U.S. XPRESS, INC., U.S. XPRESS, INC.,
DAIMLER TRUST, JOHN DOES 1-10                **DEFENDANTS**

---

**COMPLAINT**
(TRIAL BY JURY REQUESTED, DECLARATORY RELIEF REQUESTED)

---

COMES NOW Plaintiff, Talbot Robinson, by and through counsel, and files this

Complaint against the Defendants Thomas Colucci, individually and as an employee of U.S.

Xpress, Inc., U.S. Xpress, Inc., Daimler Trust, and John Does 1-10 for this cause of action and

would show unto the Court the following matters and facts, to wit:

**PARTIES**

1. Plaintiff, Talbot Robinson (hereinafter sometimes referred to as "Plaintiff") is a resident

   citizen of Rankin County, MS and resides at 509 Fairway Cove, Brandon, MS 39272.

2. Defendant, Thomas Colucci is a resident citizen of Madison, Florida, and resides at 509

   SW Horry Ave, Madison, FL 32340 and can be served with process of this Court at that

   address or in hand wherever he may be found.

3. Defendant, U.S. Xpress, Inc. (Hereinafter referred to as "USX") is a Tennessee

   Corporation and doing business in Mississippi. It may be served with process of this

1

court by serving its registered agent at CORPORATION SERVICE COMPANY, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

4. Defendant, Daimler Trust is a nonresident trust or limited liability institution which is a subsidiary of U.S. Xpress, Inc, and may be served with process by serving its CEO or trustee, Max L. Fuller or other top management, at 1535 New Hope Church Rd, Tunnel Hill, GA 30755.

5. Defendants John Does 1-10 are the true names or capacities whether individual, corporate, associate or otherwise and are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names.

## VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (b) and 28 U. S. C. § 1332(d)(11). The plaintiff and all of the defendants are citizens of different states. The amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, for the Plaintiff.

7. This Court has jurisdiction over the Defendants because they conduct business in the State of Mississippi.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2), because the Plaintiffs' injuries occurred in this district and division.

2

## FACTS

9. On or about, August 7, 2015, Defendant, Thomas Colucci driving a tractor hauling a trailer (otherwise sometimes referred to as "Freightliner or 18-wheeler") in Rankin County, Mississippi.

10. At all times material hereto the Defendant Colucci was an employee of Defendant, USX and was operating within the course and scope of his employment with USX.

11. At the time surrounding the crash Defendant Colucci was driving a tractor and/or trailer maintained, owned, brokered and/or scheduled by defendants USX, Daimler Trust and/or John Does 1-5.

12. On August 7, 2015 Defendant Colucci exited Interstate 20 west at exit 59.

13. At the time there was a stop sign at the intersection of Interstate 20 West exit 59 and Highway 80.

14. Defendant Colucci failed to stop at this stop sign and ran the stop sign.

15. Defendant Colucci negligently proceeded directly through the intersection of Highway 80 and the Interstate 20 on ramp / off ramp running the stop sign.

16. Talbot Robinson was traveling east on Highway 80 and approached the intersection of Highway 80 and Interstate 20 exit 59 obeying the law and driving properly.

17. Defendant Colucci ran the stop sign striking Talbot Robinson's vehicle and dragging it.

18. Defendant Colucci failed to yield the right of way.

19. Plaintiff had the right of way.

20. Defendant Colucci failed to stop at the intersection.

21. Plaintiff was in the intersection first.

22. Defendant Colucci was speeding off of an off-ramp and was going too fast for conditions and failed to stop at the stop sign.

23. As a direct and proximate result of the combined negligence of the Defendants and employee(s) of the Defendants the Plaintiff, Talbot Robinson, sustained severe physical and resulting emotional injury and other damages.

24. At all times pertinent hereto, the Defendants were under a duty to the public, in general, and to Plaintiff Talbot Robinson in particular, to operate their vehicles in a safe and prudent manner, having due regard for Plaintiff, Talbot Robinson, as well as the safety of others, and in such a way as to refrain from causing a wreck or creating an immediate hazard on the roadway, failing to make sure the truck and trailer were inspected, maintained, and the brakes were functioning and to make sure the Federal Motor Vehicle Safety regulations were being complied with.

25. The Defendants had the duty to comply with State and Federal law, and applicable rules of the road for the trip in question, strict compliance was mandatory.

26. The Defendants Colluci, U.S. Express, and Daimler Trust had the duty to maintain the vehicle and inspect the brakes, properly hire, supervise and train its driver Defendant Colluci.

27. The Defendants breached this duty by recklessly or negligently operating their vehicles in violation of the Rules of the Road in Mississippi, failing in their training of the commercial drivers in their employ, failing to abide by the Federal Motor Vehicle Carrier Safety Regulations, failing to properly maintain their equipment, negligently entrusting

4

the equipment to an unqualified or dangerous driver which proximately caused the collision whereby Plaintiff Talbot Robinson suffered serious personal injuries.

## NEGLIGENCE OF DEFENDANTS

28. Plaintiff realleges and incorporates herein by reference the above and foregoing paragraphs 1 through 27.

29. Defendant(s) owed a duty to operate in a safe and reasonable manner under the circumstances.  Defendant(s) breached this duty toward the Plaintiff by:

a.      failing to keep a proper lookout, thereby endangering the safety of the Plaintiff and the public;

b.      driving the aforesaid tractor/trailer vehicle in an unsafe manner;

c.      going too fast for the off-ramp off of I-20;

d.      entering the intersection creating an immediate hazard;

e.      failing to avoid Talbot Robinson's vehicle who had the right of way;

f.      running the stop sign at the subject intersection;

g.      proceeding into the intersection when it was not safe to do so;

h.      failing to warn Talbot Robinson;

i.      failing to yield to Talbot Robinson's vehicle;

j.      blowing through the stop sign causing the subject crash;

5

k.    failure to conduct a pre-trip inspection, check and maintenance of the functioning of the brakes;

l.    failed to comply with the Federal Motor Vehicle Safety Regulations; state law(s) and interstate use privilege(s);

m.   failing to maintain the vehicle, the brakes and tractor and trailer;

n.    failing to adequately train and comply with Defendant U.S. Express' internal policies and procedures;

o.    failing to cause the truck/tractor trailer to slow, stop or yield to traffic coming such as Talbot Robinson;

p.    failing to follow the Rules of the Road in Mississippi;

q.    failing to see and appreciate oncoming vehicles, such as Talbot Robinson, which had the right of way when the truck/tractor/trailer/load ran the stop sign;

r.    Failure to comply with permitting process, application, disclosures and/or procedures.

s.    Failure to give accurate description of the facts of the crash to the investigating law enforcement;

t.    Failure to hire appropriately trained and qualified drivers;

u.    Failure to train employee drivers;

6

v.     Failing to maintain the equipment, the brakes, conduct a pre-trip inspection, complete proper logs, and complete post-crash investigation of the crash;

w.    Failure to conduct post-crash requirements contained in the Federal Motor Vehicle Safety Regulations.

x.    Failing to adhere to State Law, Federal Law and the Federal Motor Vehicle Safety Regulations;

y.    in other respects as will be shown at the trial of this cause.

30. Defendant USX, is liable for the actions when he recklessly and negligently failed to stop at the stop sign, running the stop sign at the subject intersection, and in creating an immediate hazard and causing and/or contributing to the subject wreck.

31. All acts of Colucci are imputed to USX as he was operating in the course and scope of his employment.

32. If a jury finds Colucci acted negligently, The Defendant USX is liable to the Plaintiff, under the theory of respondeat superior and/or vicarious liability.

33. Plaintiff Talbot Robinson had the right of way in his lane of travel and in the intersection.

34. Defendant Colucci should have stopped at the sign/light at the intersection.

35. Defendant USX, Daimler Trust, and/or John Does 1-5 negligently hired Colucci and negligently entrusted him with the involved truck and trailer and/or improperly trained him in driving this type of equipment/load, failed to properly maintain the equipment and/or failed to adhere to the Federal Motor Vehicle Carrier Safety Regulations.

36. By reason of the Defendant's negligence, and as a direct and proximate result thereof, Plaintiff Talbot Robinson suffered severe injuries and suffered bodily harm.

37. Plaintiff, Talbot Robinson, has suffered and continues to suffer pain and anguish, both physically and mentally; and by reason of said injuries, has incurred expenses and will continue to incur future medical expenses for physicians, emotional distress, knee surgeries, medications, medical equipment, loss wages and loss of wage earning capacity, disability, and other applicable damages under Mississippi law.

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF THE DEFENDANT USX AND OR DAIMLER TRUST

38. Plaintiff reallege and incorporate herein by reference the above and foregoing paragraphs 1 through 37.

39. At all times material hereto, Employee Colucci was acting within the course and scope of his employment with Defendant USX, Daimler Trust, and or John Does 1-5.

40. The negligence of Employee Colucci, while acting under the course and scope of his employment on the occasion complained of, is the sole proximate and/or proximate contributing cause of the injuries and damages of the Plaintiff.

41. Defendant(s) USX, Daimler Trust, and or John Does 1-5 are liable for all actions of Employee Colucci in this crash under *respondeat superior* and *vicarious liability*.

## NEGLIGENT HIRING/NEGLIGENT ENTRUSTMENT OF DEFENDANT USX AND OR DAIMLER TRUST

42. Plaintiff reallege and incorporate herein by reference the above and foregoing paragraphs 1 through 41.

43. Defendant(s) USX, Daimler Trust and or John Does 1-5, failed to properly hire, supervise, train, reprimand, control, and/or restrict its employees (specifically Colucci) and is therefore liable to Plaintiff under the theory of *respondeat superior* and/or *vicarious liability* for his alleged negligent acts.

44. Defendant(s) USX, Daimler Trust, and or John Does 1-5, are also liable to Plaintiff under the theory of negligent entrustment and failure to implement the appropriate training programs relevant to the selection, management, and education of Defendant Colucci and/or other employees and making sure Colucci was familiar with and followed the Federal Motor Vehicle Carrier Safety Regulations requirements and/or had properly functioning equipment and brakes.

45. Defendant USX, Daimler Trust, and/or John Doe 1-5 are liable to Plaintiff inasmuch as they failed to properly institute adequate policies and procedures regarding the Federal Motor Vehicle Carrier Safety Regulations, hiring, background checks, maintenance of machinery, compliance and with State and Federal Law(s). Said actions and/or inactions eventually contributed to the underlying crash and Plaintiff' damages.

46. Defendants are subject to the Federal Motor Vehicle Carrier Safety Regulations in its hiring, selection, training, management, post-accident requirements such as drug test, log audits and for general governance of this truck pre-crash and post-crash.

9

47. Defendants breached their duty to comply with same which led to foreseeable consequence of the subject crash and acted in noncompliance with said regulations post-crash.

## NEGLIGENCE OF JOHN DOE TRAILER OWNER

48. Plaintiff realleges and incorporate herein by reference the above and foregoing paragraphs 1 through 47.

49. Defendant John Doe Trailer owner, Daimler Trust and or, if applicable, U.S. Xpress, had a duty to keep the trailer properly maintained by qualified maintenance personnel and conduct periodic inspections to see that the trailer is fit and in compliance with Federal and state law.

50. Defendants knew or should have the trailer was in worn out, out of compliance condition and therefore exhibited reckless indifference and inattention while operating the vehicle in question and/or had actual or constructive knowledge of the violations of the Federal Motor Vehicle Carrier Safety Regulations, and Mississippi Rules of the Road, endangering the public and those similarly situated as the Plaintiffs.

51. Defendants duties to ensure federal and state law were complied with prior to permitting the trailer to be put into service and were non-delegable.

52. Defendants breached their duty to comply with same which led to foreseeable consequence of the subject crash and damages to the plaintiff and Defendant acted in noncompliance with said regulations post-crash.

## DAMAGES

53. Plaintiff reallege and incorporate herein by reference the above and foregoing paragraphs 1 through 52.

54. As a direct and proximate result of the aforementioned negligence, the Defendants are liable under Mississippi law to the Plaintiff for their injuries and damages, including but not limited to the following:

      (a)  Past, and future medical expenses;

      (b)  Past, and future pain and suffering;

      (c)  Past, and future loss of wages, benefits and wage earning capacity;

      (d)  Past, and future emotional distress and mental anguish;

      (e)   Pain and suffering, loss of enjoyment of life, permanent disabilities;

      (f)  Pre-judgment and post-judgment interest;

      (g)  Loss of household services;

      (h)  Economic damages;

      (i)  Pre-judgment and post-judgment interest on the incurred medical expenses at the time of the filing of this Complaint;

(j) Property damage including the Loss of use of the Plaintiff's vehicle destroyed in the subject crash; and/or the deductible associated with the payment for the Plaintiff's vehicle from his insurance carrier, and;

(k) All other damages allowed by law or the Court or jury sees fit to impose.

## PUNITIVE DAMAGES

55. Plaintiff reallege and incorporate herein by reference the above and foregoing paragraphs 1 through 54.

56. The actions of the Defendants constitute gross negligence and/or reckless disregard for Plaintiff' safety.

57. Upon information and belief, Defendant Colucci was grossly negligent in his operation of the truck and trailer, failed in compliance with the Federal Motor Carrier Safety regulations, and was recklessly inattentive to the position of other vehicles at the time of the collision.

58. Defendant(s), Colucci, USX, Daimler Trust and or John Doe 1-5, knew or should have known the truck and trailer's brakes were in need of inspection and repair, in an out of compliance condition and therefore exhibited reckless indifference and inattention while operating the vehicle in question and/or had actual or constructive knowledge of the violations of the Federal Motor Vehicle Carrier Safety Regulations, and Mississippi Rules of the Road, endangering the public and those similarly situated as the Plaintiff.

59. The Defendant(s) actions amount to a willful and wanton disregard in that they knew or should have known Colicci's inattention, failure to check safety of the truck prior to

12

driving the truck, driving the vehicle(s) in an unsafe manner, and failure to abide by the Federal Motor Vehicle Carrier Safety Regulations and Mississippi Rules of the Road , endangering the public and those similarly situated as the Plaintiff.

60. The Defendant's actions of blowing through a stop sign shows a reckless disregard for the safety of other drivers on the roadway and led to the foreseeable consequence of persons who were traveling on the roadway, such as Talbot Robinson being permanently and irreparably injured or possibly killed.

61. Defendants' breach(s) of the aforementioned duties led to foreseeable incident complained of and the eventual collision causing injuries, suffering and damages to the Plaintiff.

62. Defendants actions/inactions were willful, wanton, grossly negligent and with a reckless disregard for the safety of the public as well as the Plaintiff safety.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff pray that at the end of the appropriate legal time, that the following should occur:

a.     The Defendants be served with a copy of this Complaint;

b.     The Defendants be required to file a written answer as called for by the Mississippi Rules of Civil Procedure;

c.     That a judicial, legal and/or factual determination would be made on the matters outlined in the Complaint and any amendments, and for any other relief requested.

13

d.     The Plaintiff be awarded a judgment for actual damages and punitive damages

against the Defendants in the amount that the evidence would show and a jury will

determine; and;

e.     Any and all other legal and/or equitable relief the evidence would show and a jury

will allow.

Respectfully submitted, this the _____ day of September, 2016.

Respectfully submitted,

**TALBOT ROBINSON**

BY: _____
                John D. Giddens

OF COUNSEL:

JOHN D. GIDDENS, ESQ. (MSB #9357)
BASKIN L. JONES, ESQ. (MSB #103589)
JOHN D. GIDDENS, P.A.
226 North President Street
Post Office Box 22546
Jackson, Mississippi 39225-2546
(601) 355-2022 (Telephone)

14