## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**TALBOT ROBINSON**                                                                **PLAINTIFF**

**VS.**                                                        **CAUSE NO.: 3:16-cv-687 LG-RHW**

**THOMAS COLUCCI, INDIVIDUALLY AND AS AN**
**EMPLOYEE OF U.S. XPRESS, INC., U.S. XPRESS, INC.,**
**DAIMLER TRUST, AND JOHN DOES 1-10**                               **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant U.S. Xpress, Inc., (sometimes "Defendant" or "U.S. Xpress") files its Answer and Affirmative Defenses to the Complaint filed against it by Plaintiff, Talbot Robinson (hereinafter "Plaintiff") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant adopts the provisions of § 85-5-7 of the Mississippi Code of 1972, as amended, regarding the allocation of fault. Additionally, Defendant asserts that the principles of comparative fault be applied such that should the Plaintiff, or any other parties or non-parties be found to be partially or totally responsible in this suit, damages should be allocated accordingly.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the Plaintiff has received or will in the future receive any payment or compensation from any other party, person or entity as compensation for their alleged damages, Defendant affirmatively pleads the doctrine of accord and satisfaction and is entitled to a set-off or credit for any such compensation received by the Plaintiff in the event

1

Defendant(s) are found to be liable in this matter.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's damages were caused by Mr. Talbot's acts or omissions, or by third parties or persons other than U.S. Xpress, and principles of comparative negligence fault apply such that fault should be apportioned to all responsible parties/non-parties.

## FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads any and all rights of indemnity and contribution they may have against any party, whether by contract or under common law.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts all available affirmative defenses provided under Rule 8 of the Federal Rules of Civil Procedure. Specifically, U.S. Xpress pleads accord, satisfaction, estoppel, laches, waiver and any other affirmative defense which may become apparent as discovery progresses.

## SEVENTH AFFIRMATIVE DEFENSE

U.S. Xpress gives notice that it intends to rely upon such other and further defenses which may be available or become apparent during discovery in this civil action and reserve the right to amend its answer to assert any such defenses.

## EIGHTH AFFIRMATIVE DEFENSE

Any allegations contained in the Complaint which are not specifically admitted are denied.

## NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against U.S. Xpress based upon theories of respondeat superior, vicarious liability, or joint and several liability violates the due process

clause of the fourteenth amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads the applicable provisions of Miss. Code Ann. §11-1-65 to the extent that Plaintiff herein alleges a cause of action for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages would violate the Constitution of the United States of America, including the fourteenth amendment thereof, and would also violate of the provisions of the Mississippi Constitution, including section twenty-eight thereof.  Further, an award of punitive damages would amount to a deprivation of property without due process, in violation of the fifth and fourteenth amendments to the United States Constitution and section fourteen of the Mississippi Constitution.  The criteria used to determine whether, and in what amount, punitive damages may be awarded is impermissibly vague, imprecise, inconsistent and is, therefore, in violation of the United States and Mississippi Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to  U.S. Xpress under the due process clause of the fourteenth amendment and/or fifth amendment to the Constitution of the United States of American and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi, in that  punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to U.S. Xpress under the fifth, sixth, eighth, and/or fourteenth

amendments to the Constitution of the United States of America and/or under Article III, Sections 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

U.S. Xpress states that it would violate the self-incrimination clause of the fifth amendment to the Constitution of the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose punitive damages against them, which are penal in nature, yet compels Defendant to disclose potentially incriminating documents and evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof of the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### SIXTEENTH AFFIRMATIVE DEFENSE

U.S. Xpress would show that any award of punitive damages to the Plaintiff in this case will violate the eighth amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi, in that said punitive damages would be an imposition of an excessive fine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case measured by the wealth of a Defendant

would constitute an impermissible punishment of status.

## EIGHTEENTH AFFIRMATIVE DEFENSE

It would be unconstitutional to award any punitive damages as such would violate the fifth and fourteenth amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

(1)     Said damages are intended to punish and deter the Defendant and thus this proceeding is essentially criminal in nature;

(2)     Defendant is being compelled to be a witness against themselves in a proceeding essentially and effectively criminal in nature, in violation of the Defendant's right to due process.

(3)     The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and this violates the Defendant's rights to due process.

(4)     That inasmuch as this proceeding is essentially and effectively criminal in nature, the Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the due process clause of the fifth amendment and/or the fourteenth amendment to the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages as sought by Plaintiff under Mississippi law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of

punitive damages that a jury may impose and would violate the due process rights guaranteed by the fourteenth amendment to the United States Constitution and by due process provisions of the Mississippi Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

U.S. Xpress would show that the Plaintiff's claim for punitive damages does not conform with the standards set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003), *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001)*, BMW v. Gore*, 514 U.S. 559 (1996) and *MIC Life Ins. Co., et al v. Hicks*, 1998-CT-01217-SCT Mississippi Supreme Court (en banc) (July 25, 2002).  Defendant asserts all rights and defenses prescribed in these cases and their progeny, including but not limited to its right to a *de novo* review of any award of punitive damages that might be rendered in this matter.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively states that punitive damages cannot be assessed through vicarious liability or *respondeat superio*r, thus that claim shall be dismissed as to Defendant, U.S. Xpress.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.  Additionally, Defendant asserts all such Rule 12(b) defenses as are allowable under the Federal Rules of Civil Procedure, including service of process, insufficiency of service, and jurisdictional grounds.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Although Defendant denies that the Plaintiff is entitled to any judgment against it or

Colucci, Defendant asserts the limitations under § 11-1-60 of the Mississippi Code of 1972, as amended, regarding non-economic damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages would violate the Federal Aviation Administration Authorization Act, 49 U.S.C. §14501(c) as it impacts rates, routes or services of a motor carrier and as such Mississippi law is pre-empted as to punitive damages.

## ANSWER

Now having listed its affirmative defenses, Defendant answers Plaintiff's Complaint, paragraph by paragraph, as follows:

## PARTIES

1.     Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Plaintiff's Complaint, and therefore deny the same.

2.     Admitted.

3.     Denied.  Defendant affirmatively states that it is a Nevada corporation and it has its principal place of business in Chattanooga, Tennessee.

4.     Denied.  Upon information and belief, Daimler Trust is not a proper party and is being dismissed by agreement.

5.     Defendant is without sufficient information to admit or deny the allegations in paragraph 5 of the Plaintiff's Complaint, and therefore deny the same.

## VENUE

6.      Admitted.

7.     Admitted.

8.     Defendant admits that the incident at issue occurred in this district and division,

thus venue is proper.  As to all remaining allegations, denied.

## FACTS

9.      Admitted.

10.     Admitted.

11.     Defendant admits that it leased the tractor-trailer at issue, and that it maintained the tractor and trailer.  As to the remaining issues, denied.

12.     Admitted, upon information and belief.

13.     Defendant is without sufficient knowledge to admit/deny the allegations at this time.  To the extent an answer is required, denied.

14.     Denied, upon information and belief.

15.     Denied, upon information and belief.

16.     Defendant admits that Plaintiff was traveling east on Highway 80 and approached the intersection of Highway 80 and Interstate 20.  As to the remaining allegations, denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendant admits that Colucci had a duty to operate the tractor-trailer, in a reasonably safe manner, and to reasonably inspect and maintain the equipment as do all

motorists on the roadway.  As to any remaining allegations, denied.

25.     Defendant admits that it had certain duties to follow applicable rules of the road and applicable federal and state laws, and duties to reasonably inspect and maintain the equipment as do all motorists.  As to remaining allegations, denied

.    26.     Denied.

27.     Denied.

## NEGLIGENCE OF DEFENDANTS

28.     Defendant re-incorporates and re-asserts its answers and affirmative defenses as if fully set forth herein.

29.     Defendant denies the allegations in this paragraph, and in subparts (a) through (y).  Denied.

30.     Denied.

31.     Defendant admits that Colucci was employed by U.S. Xpress at relevant times and that Colucci was operating a tractor-trailer in the course and scope of his employment at the time of this collision.  As to the remaining allegations, denied.

32.     Defendant admits that Colucci was its employee and agent at relevant times.  As to the remaining allegations, denied.

33.     Denied.

34.     Defendant admits that Colucci was responsible for obeying applicable traffic control devices, as are all motorists.  As to remaining allegations, denied.

35.     Denied.

36.     Defendant, U.S. Xpress, is without sufficient information as to the medical status of Plaintiff, and therefore cannot admit or deny the existence or degree of any damages.

To the extent an answer is required and as to all remaining allegations, denied.

37.     Defendant, U.S. Xpress, is without sufficient information as to the medical status of Plaintiff, and therefore cannot admit or deny the existence or degree of any damages. Therefore, to the extent an answer is required, denied.

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF THE DEFENDANT USX AND OR DAIMLER TRUST

38.     Defendant re-incorporates and re-asserts its answers and affirmative defenses as if fully set forth herein.

39.     Defendant admits Colucci was acting within the course and scope of employment with U. S. Xpress at relevant times.  As to remaining allegations, denied.

40.     Denied.

41.     Denied.

## NEGLIGENT HIRING/NEGLIGENT ENTRUSTMENT OF DEFENDANT USX AND OR DAIMLER TRUST

42.     Defendant re-incorporates and re-asserts its answers and affirmative defenses as if fully set forth herein.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendant admits that it is required to follow applicable federal and state laws and regulations.  As to the remaining allegations, denied.

47.     Denied.

**NEGLIGENCE OF JOHN DOE TRAILER OWNER**

48.    Defendant re-incorporates and re-asserts its answers and affirmative defenses as if fully set forth herein.

49.    Defendant admits that U. S. Xpress had a duty to reasonably maintain the tractor and trailer in use.  As to remaining allegations, denied.

50.    Denied.

51.    Denied.

52.    Denied.

**DAMAGES**

53.    Defendant re-incorporates and re-asserts its answers and affirmative defenses as if fully set forth herein.

54.    Defendant is without full information as to Plaintiff's medical status and denies the allegations in this paragraph, and in subparts (a) through (k).  Denied.

**PUNITIVE DAMAGES**

55.    Defendant re-incorporates and re-asserts its answers and affirmative defenses as if fully set forth herein.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.     As to Plaintiff's first un-numbered paragraph beginning with "Wherefore," Defendant specifically denies any and all allegations of wrongdoing or liability for damages. Additionally, Defendant further denies that Plaintiff is entitled to any compensation from Defendant whatsoever and specifically request that they be dismissed from this matter, with all costs assessed to the Plaintiff. Defendant additionally prays for such other relief as the Court deems proper.

THIS the  14th day of September, 2016.

Respectfully submitted,

U.S. XPRESS, INC.

By Its Attorneys,

DunbarMonroe, PLLC


  /s/ David C. Dunbar
David C. Dunbar
Morton W. Smith



OF COUNSEL:

David C. Dunbar (MSB#6227)
dcdunbar@dunbarmonroe.com
Morton W. Smith (MSB#101646)
mwsmith@dunbarmonroe.com
*DunbarMonroe, PLLC*
270 Trace Colony Park, Suite A
Ridgeland, Mississippi  39157
601-898-2073 Office
601-898-2074 Facsimile

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have filed the above and foregoing document with the Court's electronic case filing system, which sent notification to the following interested parties:

John D. Giddens, Esq.
Baskin L. Jones, Esq.
John D. Giddens, PA
226 North President Street
P O Box 22546
Jackson, MS  39225-2546

THIS the 14th day of September, 2016.


  */s/ David C. Dunbar*
David C. Dunbar
Morton W. Smith