UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TALBOT ROBINSON                                                                                    PLAINTIFF

VS.                                                                          CAUSE NO.: 3:16-cv-687 TSL-RHW

THOMAS COLUCCI, INDIVIDUALLY AND AS AN
EMPLOYEE OF U.S. XPRESS, INC., U.S. XPRESS, INC.,
DAIMLER TRUST, AND JOHN DOES 1-10                                      DEFENDANTS

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants, U.S. Xpress, Inc. and Thomas Colucci, (sometimes "Defendants" or "U.S. Xpress and Colucci") file their Amended Answer and Affirmative Defenses to the Complaint filed against them by Plaintiff, Talbot Robinson (hereinafter "Plaintiff") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Plaintiff has received or will in the future receive any payment or compensation from any other party, person or entity as compensation for their alleged damages, Defendants affirmatively plead the doctrine of accord and satisfaction and are entitled to a set-off or credit for any such compensation received by the Plaintiff in the event Defendant(s) are found to be liable in this matter.

### THIRD AFFIRMATIVE DEFENSE

Any damages claimed by the Plaintiff that existed prior to the accident, or were caused by other mechanisms, are not recoverable.

### FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead any and all rights of indemnity and contribution they

1

may have against any party, whether by contract or under common law.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert all available affirmative defenses provided under Rule 8 of the Federal Rules of Civil Procedure. Specifically, U.S. Xpress and Colucci plead accord, satisfaction, estoppel, laches, waiver and any other affirmative defense which may become apparent as discovery progresses.

## SIXTH AFFIRMATIVE DEFENSE

Colucci and U.S. Xpress give notice that they intend to rely upon such other and further defenses which may be available or become apparent during discovery in this civil action and reserve the right to amend their answer to assert any such defenses.

## SEVENTH AFFIRMATIVE DEFENSE

Any allegations contained in the Complaint which are not specifically admitted are denied.

## EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against Defendants based upon theories of respondeat superior, vicarious liability, or joint and several liability violate the due process clause of the fourteenth amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

Defendants plead the applicable provisions of Miss. Code Ann. §11-1-65, including the limitations of amount of damages to the extent that Plaintiff herein alleges a cause of action for punitive damages.

## TENTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages would violate the Constitution of the United

States of America, including the fourteenth amendment thereof, and would also violate of the provisions of the Mississippi Constitution, including section twenty-eight thereof. Further, an award of punitive damages would amount to a deprivation of property without due process, in violation of the fifth and fourteenth amendments to the United States Constitution and section fourteen of the Mississippi Constitution. The criteria used to determine whether, and in what amount, punitive damages may be awarded is impermissibly vague, imprecise, inconsistent and is, therefore, in violation of the United States and Mississippi Constitutions.

### ELEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendants under the due process clause of the fourteenth amendment and/or fifth amendment to the Constitution of the United States of American and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

### TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Colucci and U.S. Xpress under the fifth, sixth, eighth, and/or fourteenth amendments to the Constitution of the United States of America and/or under Article III, Sections 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Defendants are entitled to the same procedural and substantive safeguards afforded to criminal defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Colucci and U.S. Xpress state that it would violate the self-incrimination clause of the

3

fifth amendment to the Constitution of the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose punitive damages against them, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

### FOURTEENTH AFFIRMATIVE DEFENSE

It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against the Defendants which are penal in nature by requiring a burden of proof of the Plaintiff which is less than the Abeyond a reasonable doubt@ burden of proof required in criminal cases.

### FIFTEENTH AFFIRMATIVE DEFENSE

Colucci and U.S. Xpress would show that any award of punitive damages to the Plaintiff in this case will violate the eighth amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi, in that said punitive damages would be an imposition of an excessive fine.

### SIXTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case measured by the wealth of either Defendant would constitute an impermissible punishment of status.

### SEVENTEENTH AFFIRMATIVE DEFENSE

It would be unconstitutional to award any punitive damages as such would violate the fifth and fourteenth amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

(1)   Said damages are intended to punish and deter the Defendants and thus this

proceeding is essentially criminal in nature;

(2) Defendants are being compelled to be a witness against themselves in a proceeding essentially and effectively criminal in nature, in violation of the Defendant(s)' right to due process.

(3) The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and this violates the Defendants' rights to due process.

(4) That inasmuch as this proceeding is essentially and effectively criminal in nature, the Defendants are being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the due process clause of the fifth amendment and/or the fourteenth amendment to the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages as sought by Plaintiff under Mississippi law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose and would violate the due process rights guaranteed by the fourteenth amendment to the United States Constitution and by due process provisions of the Mississippi Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants would show that the Plaintiff's claim for punitive damages does not conform with the standards set forth in *State Farm Mutual Automobile Insurance Co. v.*

*Campbell,* 538 U.S. 408 (2003), *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001)*, BMW v. Gore*, 514 U.S. 559 (1996) and *MIC Life Ins. Co., et al v. Hicks*, 1998-CT-01217-SCT Mississippi Supreme Court (en banc) (July 25, 2002).  Defendants assert all rights and defenses prescribed in these cases and their progeny, including but not limited to its right to a *de novo* review of any award of punitive damages that might be rendered in this matter.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants affirmatively state that punitive damages cannot be assessed through vicarious liability or *respondeat superio*r, thus that claim shall be dismissed as to Defendant, U.S. Xpress.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.  Additionally, Defendants assert all such Rule 12(b) defenses as are allowable under the Federal Rules of Civil Procedure, including service of process, insufficiency of service, and jurisdictional grounds.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Although Defendants deny that the Plaintiff is entitled to any judgment against them, Defendants assert the limitations under § 11-1-60 of the Mississippi Code of 1972, as amended, regarding non-economic damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The imposition of any punitive damages would violate the Federal Aviation Administration Authorization Act, 49 U.S.C. §14501(c) as it impacts rates, routes or services of a motor carrier and as such Mississippi law is pre-empted as to punitive damages.

## ANSWER

Now having listed their affirmative defenses, Defendants answer Plaintiff's Complaint, paragraph by paragraph, as follows:

## PARTIES

1. Defendants are without sufficient information to admit or deny the allegations in paragraph 1 of the Plaintiff's Complaint, and therefore deny the same.

2. Admitted.

3. Denied. Defendants affirmatively state that U.S. Xpress is a Nevada corporation and it has its principal place of business in Chattanooga, Tennessee.

4. Denied. Daimler Trust has been dismissed.

5. Defendants are without sufficient information to admit or deny the allegations in paragraph 5 of the Plaintiff's Complaint, and therefore deny the same.

## VENUE

6. Admitted.

7. Admitted.

8. Defendants admit that the incident at issue occurred in this district and division, thus venue is proper. As to all remaining allegations, denied.

## FACTS

9. Admitted.

10. Admitted.

11. Defendants admit that U.S. Xpress leased the tractor-trailer at issue, and that it maintained the tractor and trailer. Defendants also admit that U.S. Xpress dispatched the tractor-trailer driven by Colucci. As to the remaining issues, denied.

12. Admitted, upon information and belief.

13. Admitted.

14. Denied as stated. Defendants admit Colucci proceeded into the intersection when Robinson had the right of way.

15. Denied as stated. Defendants admit Colucci proceeded into the intersection when Robinson had the right of way.

16. Defendants admit that Plaintiff was traveling east on Highway 80 and approached the intersection of Highway 80 and Interstate 20. As to the remaining allegations, denied.

17. Denied as stated. However, Defendants admit Colucci negligently entered the intersection and caused the accident.

18. Admitted.

19. Admitted.

20. Denied as stated. However, Defendants admit Colucci negligently entered the intersection and caused the accident.

21. Denied.

22. Denied.

23. Denied as stated. However, Defendants admits that Colucci negligently entered the intersection and was the sole proximate cause of the accident and caused injuries to the Plaintiff.

24. Defendants admit that Colucci had a duty to operate the tractor-trailer, in a reasonably safe manner, and to reasonably inspect and maintain the equipment as do all motorists on the roadway. As to any remaining allegations, denied.

25. Defendants admit that Colucci had certain duties to follow applicable rules of the road and applicable federal and state laws, and admit that they had duties to reasonably inspect and maintain the equipment as do all motorists. As to remaining allegations, denied.

26. Denied as stated.

27. Defendants admit that Colucci was negligent in entering the intersection and was the sole proximate cause of the collision. As to the remaining allegations, denied.

## NEGLIGENCE OF DEFENDANTS

28. Defendants re-incorporate and re-assert their answers and affirmative defenses as if fully set forth herein.

29. Defendants deny the allegations in this paragraph, but admit that Colucci was negligent and was the sole proximate cause of the collision, and therefore admit that Colucci violated sub-parts (d)(g)(i) and (o).

30. U.S. Xpress admits that it is vicariously liable for Colucci's simple negligence in causing the subject collision. As to the remaining allegations, denied.

31. Defendants admit that Colucci was employed by U.S. Xpress at relevant times and that he was operating a tractor-trailer in the course and scope of his employment at the time of this collision, and that U.S. Xpress is vicariously liable for Colucci's simple negligence. As to the remaining allegations, denied.

32. Defendants admit U.S. Xpress is vicariously liable for Colucci's simple negligence in causing the collision. As to the remaining allegations, denied.

33. Admitted.

34. Defendants admit that Colucci was responsible for obeying applicable traffic control devices, as are all motorists. As to remaining allegations, denied.

35. Denied.

36. Defendants admit that they are responsible for injuries proximately caused by the negligence of Colucci. As to the remaining allegations, denied.

37. Defendants are without sufficient information as to the medical status of Plaintiff, and therefore cannot admit or deny the existence or degree of any damages. Therefore, to the extent an answer is required, denied.

**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF THE DEFENDANT USX AND OR DAIMLER TRUST**

38. Defendants re-incorporate and re-assert their answers and affirmative defenses as if fully set forth herein.

39. Defendants admit Colucci was acting within the course and scope of employment with U. S. Xpress at relevant times. As to remaining allegations, denied.

40. Denied as stated. Defendants admit that Colucci's simple negligence was the sole proximate cause of the collision, and that Plaintiff had some injuries. As to the remaining allegations, denied.

41. Denied.

**NEGLIGENT HIRING/NEGLIGENT ENTRUSTMENT OF DEFENDANT USX AND OR DAIMLER TRUST**

42. Defendants re-incorporate and re-assert their answers and affirmative defenses as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Defendants admit that they are required to follow applicable federal and state

laws and regulations.  As to the remaining allegations, denied.

47. Denied.

### NEGLIGENCE OF JOHN DOE TRAILER OWNER

48. Defendants re-incorporate and re-assert their answers and affirmative defenses as if fully set forth herein.

49. Defendants admit that U. S. Xpress had a duty to reasonably maintain the tractor and trailer in use.  As to remaining allegations, denied.

50. Denied.

51. Denied.

52. Denied.

### DAMAGES

53. Defendants re-incorporate and re-assert their answers and affirmative defenses as if fully set forth herein.

54. Defendants are without full information as to Plaintiff's medical status and deny the allegations in this paragraph, and in subparts (a) through (k).  Denied.

### PUNITIVE DAMAGES

55. Defendants re-incorporate and re-assert their answers and affirmative defenses as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. As to Plaintiff's first un-numbered paragraph beginning with "Wherefore," Defendants admit that Colucci's negligent driving was the sole proximate cause of the collision, but contest damages in this case. Additionally, Defendants further state damages should be determined by a jury in this matter. Defendants additionally pray for such other relief as the Court deems proper.

THIS 15th day of June, 2017.

        Respectfully submitted,

        U.S. XPRESS, INC. and
        THOMAS COLUCCI

        By Their Attorneys,

        DunbarMonroe, PLLC

        /s/ David C. Dunbar
        David C. Dunbar
        Morton W. Smith

OF COUNSEL:

David C. Dunbar (MSB#6227)
dcdunbar@dunbarmonroe.com
Morton W. Smith (MSB#101646)
mwsmith@dunbarmonroe.com
*DunbarMonroe, PLLC*
270 Trace Colony Park, Suite A
Ridgeland, Mississippi  39157
601-898-2073 Office
601-898-2074 Facsimile

**CERTIFICATE OF SERVICE**

      I, the undersigned counsel, do hereby certify that I have filed the above and foregoing document with the Court's electronic case filing system, which sent notification to the following interested parties:

John D. Giddens, Esq.
Baskin L. Jones, Esq.
John D. Giddens, PA
226 North President Street
P O Box 22546
Jackson, MS  39225-2546

THIS the 15th day of June, 2017.

                                          */s/ David C. Dunbar*
                                          David C. Dunbar
                                          Morton W. Smith