UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TALBOT ROBINSON                                                          PLAINTIFF

VS.                                                          CAUSE NO.: 3:16-cv-687 LG-RHW

THOMAS COLUCCI, INDIVIDUALLY AND AS AN
EMPLOYEE OF U.S. XPRESS, INC., U.S. XPRESS, INC.,
DAIMLER TRUST, AND JOHN DOES 1-10                              DEFENDANTS

---

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO CERTAIN CLAIMS**

---

Defendants, U.S. Xpress, Inc. and Thomas Colucci ("Defendants") file this Motion for Judgment on the Pleadings, pursuant to Rule 12(c), Fed. R. Civ. P., as to certain claims of the Plaintiff.   In support thereof, Defendants would state as follows:

1.      This case stems from a vehicle accident in which Plaintiff alleges that Colucci, driving a U.S. Xpress tractor-trailer, ran a stop sign and pulled across the road in front of Plaintiff, causing a collision on August 7, 2015.  Defendants have denied most of Plaintiff's allegations, but have admitted that Colucci was negligent for pulling across as he did and was the sole proximate cause of the collision, and have admitted vicarious liability.

2.      Defendants plead the *Rule 12(b)*, Fed. R. Civ. P. defenses in their answer, including that Plaintiff failed to state a claim upon which relief can be granted, as their first affirmative defense. [Doc. 7, 9, 10].   Plaintiff has included a wholly speculative and improper laundry-list of alleged failures by the Defendants, with no factual support or foundation for the same.   Thus a motion for judgment on the pleadings is proper as to those claims.

1

3.      While Plaintiff is not required to plead the facts of each error or omission with great specificity, controlling precedent requires that a plaintiff provide some factual support for his allegations, rather than merely recite speculative theories of possible causes of action. Plaintiff fails to do so in his complaint, specifically as to many of the general negligence allegations and all of the negligent entrustment and punitive damages claims.  Thus, this Court should dismiss those claims. Simple negligence by Colucci has been admitted and the case should be limited to determining Robinson's damages for the same.

**Unsupported General Negligence Allegations**

4.      In his complaint, Plaintiff alleges not only negligence by Colucci, but also negligent entrustment by U.S. Xpress, vicarious liability, and punitive damages.  [Doc. 1].  A host of specific allegations are made in the complaint including that Defendants failed to inspect and maintain the braking systems on the tractor-trailer, and negligent entrustment allegations. [Doc. 1, p. 4-5].  Later in the complaint, there are a litany of specific allegations such as "failure to conduct pre-trip inspection", failure to "train and comply with…U.S. Xpress' internal policies", "failure to comply with permitting [sic] process, application, disclosures and/or procedures", various failures to hire or train drivers, failure to "complete proper logs, and complete post-crash investigation of the crash", and failure to adhere to state and federal regulations, among other alleged failures.  [Doc. 1, p. 5-7].  Plaintiff alleges that U.S. Xpress failed to properly check Colucci's background in accordance with Federal Regulations, failed to provide proper vehicle maintenance, and failed to manage and train Colucci or provide proper log audits and failures to "properly institute adequate policies and procedures" regarding Colucci and the "general governance of this truck pre-crash and post-crash." [Doc. 1, p. 9].

5.     Those subparts and allegations mentioned above have no foundation in fact, nor are any facts cited in the complaint. Instead, they are only legal conclusions and are therefore insufficient. Plaintiff also made negligent entrustment claims, and punitive damages claims in the complaint, which were nothing more than speculation, and also impermissible under controlling precedent.

### Unsupported Negligent Entrustment Allegations

6.     For negligent entrustment sections of his complaint, Plaintiff alleged that U.S. Xpress failed to implement training programs or manage or educate Colucci to ensure Colucci was familiar with and followed the Federal Motor Carrier Safety Regulations, and failed to ensure the U.S. Xpress tractor-trailer had operable brakes.   [Doc. 1, para. 42]. These statements are entirely conclusory and unsupported by any facts and should be dismissed.

### Unsupported Punitive Damages Allegations

7.     Finally, as to punitive damages, Plaintiff likewise makes conclusory legal statements, such as that Colucci was grossly inattentive and grossly negligent in his driving and violating the FMCSR's [Doc. 1, para 57],  that U.S. Xpress knew or should have known of improper maintenance or brakes on the vehicle, and exhibited reckless indifference by operating it in such a condition in violation of the FMCSR's and Rules of the Road [Doc. 1, para. 58], and exhibited willful and wanton disregard because U.S. Xpress knew of Colucci's inattention and failures to check the truck or drive safely [Doc. 1, para. 59], and that Colucci's running of a stop sign showed reckless disregard for the safety of others.  [Doc. 1, para. 60].

8.     There is no factual basis for the allegations, and same should be dismissed

pursuant to Rule 12(c), Fed. R. Civ. P. and controlling precedent.  Currently the defendants are subjected to harassing, overly broad and irrelevant discovery based on nothing more than purely speculative, unsupported legal conclusions in a complaint.  The Plaintiff is not allowed to simply manufacture possible acts or omissions, and plead them, to entitle him to use discovery to harass the Defendants in this case.

### Conclusion

9.     Defendants have admitted that Colucci pulled across the intersection in front of Robinson and that Colucci's simple negligence caused the collision.  There is no factual support for problems with vehicle maintenance or brakes, no factual support of alleged regulatory violations by U.S. Xpress or Colucci that were connected to this incident, and no factual basis that Colucci was not validly licensed or trained to drive a tractor-trailer.  In this case, there are no facts of any error or omission by the Defendants, except that Colucci negligently came across an intersection in front of Plaintiff's oncoming car.  Plaintiff offers no support or factual background for these allegations in his complaint, and negligent entrustment claims and punitive damages claims must be dismissed[1].  As noted by the United States Supreme Court, such bare allegations must be supported by enough facts such that the Court can determine the allegations to be more than a mere possibility.  Plaintiff has not done so.

10.     Pursuant to *Rule 12(c)*, Fed. R. Civ. P., Defendants respectfully move this Court to dismiss the negligent entrustment claims and punitive damages claims as well as the

---

[1] Defendants have also already admitted vicarious liability, thus under well-accepted precedent, negligent entrustment claims such as negligent hiring, supervision, retention, and training claims are non-actionable as a matter of law and should be dismissed because they are subsumed in the vicarious liability of the principal.  Defendants are moving for summary judgment on negligent entrustment claims in a separate pleading.

unsupported general negligence claims plead by Plaintiff.

WHEREFORE PREMISES CONSIDERED, Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings in keeping with the above, or any other relief appropriate under the circumstances as requested herein.

THIS the 4th day of August, 2017.

Respectfully Submitted,

U.S. XPRESS, INC. and
THOMAS COLUCCI

By Their Attorneys,

DunbarMonroe, PLLC


  _s/ Morton W. Smith_____
David C. Dunbar
Morton W. Smith

OF COUNSEL:
David C. Dunbar (MSB #6227)
Morton W. Smith (MSB #101646)
*DunbarMonroe, PLLC*
270 Trace Colony Park, Suite A
Ridgeland, Mississippi  39157
Office: 601-898-2073
Facsimile: 601-898-2074
Email: dcdunbar@dunbarmonroe.com
          mwsmith@dunbarmonroe.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have filed the above and foregoing document with the Court's electronic case filing system, which sent notification to the following interested parties:

John D. Giddens, Esq.
John D. Giddens, PA
226 North President Street
P O Box 22546
Jackson, MS  39225-2546

THIS the 4th day of August, 2017.


   _s/ Morton W. Smith_____
David C. Dunbar
Morton W. Smith