UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TALBOT ROBINSON                                                    PLAINTIFF

VS.                                              CAUSE NO.: 3:16-cv-687 LG-RHW

THOMAS COLUCCI, INDIVIDUALLY AND AS AN
EMPLOYEE OF U.S. XPRESS, INC., U.S. XPRESS, INC.,
DAIMLER TRUST, AND JOHN DOES 1-10                          DEFENDANTS

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES AND DIRECT
NEGLIGENCE/NEGLIGENT ENTRUSTMENT CLAIMS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants, U.S. Xpress, Inc. and Thomas Colucci, file this Memorandum in Support of the Motion for Partial Summary Judgment on Punitive Direct Negligence/Negligent Entrustment Claims, against Plaintiff, Talbot Robinson ("Plaintiff") because Plaintiff cannot make a cognizable claim for negligent entrustment or any claim of direct liability against U.S. Xpress, or Punitive Damages against either Defendant.  In support of their Motion, Defendants would show unto the Court as follows:

## I.   FACTS AND PROCEDURAL BACKGROUND

The incident at issue concerns a motor vehicle collision that occurred at the intersection of Highway 80 and exit 59 from I-20, in Brandon, Mississippi on August 7, 2017, and was between a Toyota Avalon driven by Talbot Robinson and a tractor-trailer operated by U.S. Xpress, Inc. ("U.S. Xpress") and driven by Thomas Colucci ("Colucci"), an employee driver for US Xpress.  [Doc. 1, pp. 9-18].

Defendants have admitted that Colucci was negligent in entering the intersection when Robinson had the right of way and that Colucci's negligence was the sole proximate cause of the

collision.  [Doc. 63, para. 23].  Defendants have also admitted that Thomas Colucci was in the course and scope of his employment at the time of the collision, and that U.S. Xpress is vicariously liable for Colucci's simple negligence in this collision, and for any injuries proximately caused to Robinson.  [Doc. 63, para. 30-31, 36].

Plaintiff makes a series of allegations in his complaint, such as that Colucci was grossly inattentive and grossly negligent in his driving and violating the Federal Motor Carrier Safety Regulations ("FMCSR's") [Doc. 1, para 57],  that U.S. Xpress knew or should have known of improper maintenance or brakes on the vehicle, and exhibited reckless indifference by operating it in such a condition in violation of the FMCSR's and Rules of the Road [Doc. 1, para. 58], and exhibited willful and wanton disregard because U.S. Xpress knew of Colucci's inattention and failures to check the truck or drive safely [Doc. 1, para. 59], and that Colucci's running of a stop sign showed reckless disregard for the safety of others.  [Doc. 1, para. 60].  These allegations are all denied.  However, even if they were true, Mississippi law does not allow the imposition of punitive damages for such allegations.

Additionally, Plaintiff alleged that U.S. Xpress negligently entrusted the vehicle to Colucci, by failed to implement training programs or manage or educate Colucci to ensure Colucci was familiar with and followed the Federal Motor Carrier Safety Regulations, and failed to ensure the U.S. Xpress tractor-trailer had operable brakes.  [Doc. 1, para. 42].  Defendants deny the allegations.  Regardless, negligent entrustment claims are moot.

While it is admitted that Colucci's entering the intersection was negligent, there is no actual evidence that Colucci acted carelessly, recklessly, or with some willful, wanton disregard to other motorists. There is no evidence that Colucci was using a cell phone around the time of the accident, or used drugs or alcohol, or that he was doing any unsafe activity intentionally.

Instead, this collision merely involves a simple mistake in which Colucci entered an intersection when Plaintiff's car was oncoming and too close.  Try as he might to speculate to the contrary, Plaintiff cannot provide any evidence to support a claim beyond simple negligence.  There are no genuine issues of material fact relevant to the disposition of punitive damages, or the claims for negligent entrustment or direct negligence of U.S. Xpress.

The undisputed facts combined with controlling Mississippi precedent do not allow those negligent entrustment or punitive damages claims to survive summary judgment based upon the above allegations, even if Plaintiff's version of the evidence is true.   Further, not only is there no evidence of negligent entrustment or independent negligence of U.S. Xpress, but U.S. Xpress has also admitted that Colucci was its agent and driving in the course and scope of his employment at all relevant times.   Accordingly, Plaintiff's claims for direct negligence and negligent entrustment against U.S. Xpress are moot by operation of law and must be dismissed.

## II.   STANDARD OF REVIEW

The standard for summary judgment requires that the Court review the facts identified by the movant in order to consider whether there are disputed issues of material fact that should be submitted to the fact-finder.  It is the moving party's burden to identify the undisputed material facts of record in its motion as required by Federal Rule of Civil Procedure 56, and explain why those specific facts, when reviewed in the light most favorable to the non-moving party, are sufficient for summary judgment.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keszenheimer v. Reliance Standard Life Ins. Co.*, 402 F.3d 504, 507 (5th Cir.

2005) (quoting Fed. R. Civ. P. 56(c)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

"Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 361 (5th Cir. 1999). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.*

## III.   ARGUMENT

Defendants have admitted that Colucci was guilty of simple negligence in entering the intersection and causing the collision, and that Defendants, U.S. Xpress and Colucci, are liable for the collision due to that negligence.  However, nothing about Colucci's actions, at any time, rise beyond simple negligence.  Colucci stated that he looked and believed Robinson to be farther away when he pulled into the intersection.  Robinson alleges that Colucci ran the stop sign without properly looking and pulled across the road in front of Robinson.  That is not a material dispute.  Either version of those facts could only support a finding of simple negligence at worst, which has already been admitted.  Said another way, even if Plaintiff's allegations are true about this collision, and Colucci failed to look and ran the stop sign, or that he failed to

inspect his brakes, Colucci's conduct does not rise to the level of egregious conduct sufficient to support an award of punitive damages. Thus, punitive damages claims must be dismissed.

The same goes for U.S. Xpress, Inc.  There are few direct negligence allegations against U.S. Xpress, Inc., and those allegations concern failure to inspect or provide proper maintenance for the tractor-trailer, and allowing it to be used on the roadway or failing to implement safety policies.  U.S. Xpress denies the allegations, and would show there is no proof of the same, and maintenance documents show recent inspections close in time prior to the incident.  However, even if those allegations were true, they would not support a claim for punitive damages.  These errors/omissions are simply not the type for which punitive damages are allowed under Mississippi law.

Finally, U.S. Xpress admitted that Colucci was an employee driver, and that Colucci was acting in the course and scope of his employment at the time of the collision.  The remainder of Plaintiff's allegations concern failures in hiring Colucci, negligent training, supervision, management and retention and allowing regulatory or legal violations by Colucci.  Those allegations are denied, but even if true, those allegations all comprise negligent entrustment claims.  U.S. Xpress is already vicariously liable for Colucci's actions in this case, and all direct negligence and negligent entrustment claims are subsumed into the agency relationship and are therefore moot as recognized by courts in this circuit.  No genuine issues of material fact exist, and Defendants are entitled to partial summary judgment as a matter of law.

A.   <u>No Evidence Exists To Support Plaintiffs' Punitive Damages Claim</u>.

There is no significant probative evidence as to the existence of a triable issue of fact on punitive damages, much less clear and convincing evidence.  The allegations and rank speculation made by the Plaintiff are insufficient to justify such an award.  Plaintiff made a

number of allegations in his complaint, but those allegations represent simple negligence at worst.[1]

The allegations against Colucci boil down to just a few points:  Plaintiff believes Colucci failed to follow some state or federal regulation, or failed to inspect his tractor-trailer's brakes, or failed to look properly or yield and ran a stop sign.  Those allegations are only simple negligence, even if true.  Defendants have moved to dismiss on the pleadings [Doc. 88-89] since there is no evidence of a brake failure or lack of maintenance or regulatory violation, and Plaintiff's allegations are mere speculation.  However, even if true, Plaintiff cannot convert a mistake about an inspection or by failing to yield or keep a proper lookout into some egregious, malicious wrong.  There simply is no evidence beyond a simple mistake by Colucci.

The allegations against U.S. Xpress are similarly meritless.  Despite Plaintiff's best efforts to allege fault, there simply is no evidence that U.S. Xpress did anything wrong, and certainly nothing that would exceed the bounds of ordinary negligence.  Plaintiff argues that U.S. Xpress failed to train, supervise, check Colucci's background, or monitor Colucci.  However, Plaintiff fails to recognize that he has no evidence of any regulatory or legal violations, and no evidence as to how motor carriers handle drivers as a common industry practice.  Regardless, nothing about these matters exceeds ordinary negligence.  Even if Plaintiffs' contentions are true, neither Colucci's nor U.S. Xpress' conduct rises to a level sufficient to justify an award of punitive damages under Mississippi law.  Therefore, all punitive damage claims by Plaintiffs must be dismissed.

A brief examination of controlling precedent on punitive damages, specifically in the vehicle accident context, is helpful.  The Mississippi Supreme Court held "punitive damages are

---

[1] Defendants recognize that discovery is ongoing and that depositions of Colucci and U.S. Xpress are pending. However, Defendants would show that even if the allegations in Plaintiff's complaint were true, this case does not justify the imposition of punitive damages, in light of the law and Mississippi precedent.

ordinarily recoverable only in cases where the negligence is so gross as to indicate reckless or wanton disregard for the safety of others. Simple negligence is insufficient to warrant imposition of such damages." *Cone Solvents, Inc. v. Corvin*, 2007 WL 628501, *2 (S.D. Miss. 2007) (citing *Maupin v. Dennis*, 252 Miss. 496, 500, 175 So. 2d 130-31 (1965); *Terrell v. W.S. Trucking, Inc.*, 2001 WL 1593135, *2 (N.D. 2001)).  Under Mississippi law, gross negligence "is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Ezell v. BellSouth Telecommunications, Inc.*, 961 F. Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So. 2d 644, 645 (Miss.1958)). Reckless disregard or indifference has been defined as "the voluntary doing by a motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary refraining from doing a proper or prudent act when such an act or failure to act evinces an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of a chance of an accident happening without intent that any occur." *Jackson v. Payne*, 922 So. 2d 48, 51-52 (Miss. Ct. App. 2006) (citing *Turner v. City of Ruleville*, 735 So.2d 226, 228-29 (¶11) (Miss. 1999) (quoting Black's Law Dictionary 1270 (6th ed. 1991)).

"Under Mississippi law, the recovery of punitive damages is disfavored and permitted only in extreme cases." *Francois v. Colonial Freight Systems, Inc.*, 2007 WL 4459073, *3 (S.D. Miss. 2007) (citing Life & Cas. Ins. Co. of Tenn. v. Bristow, 529 So. 2d 620, 622 (Miss. 1988) ("Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and allowed with caution and within narrow limits."); *Gardner v. Jones*, 464 So .2d 1144, 1148 (Miss.1985)). "[I]n order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants']

conduct ... evidences willful or wanton conduct or the commission of a fraud." *Dawson v. Burnette*, 650 F. Supp.2d 583 (S.D. Miss. 2009) (citing at *Bradfield*, 936 So.2d at 937).

"In the automobile context the Mississippi Supreme Court has been '... extremely reticent to permit punitive damages....'" *Carter v. Steve Cagle Trucking Co.*, 2010 WL 1141147, *2 (S.D. Miss. 2010) (quoting *Walker v. Smitty's Supply Inc.*, WL 6395826 (S.D. Miss. 2008)). In this case, there can be no question that this is a case of simple negligence at worst.

Regardless, even if Colucci somehow acted in such a way as to justify exemplary damages, such damages cannot be assessed against an employer through vicarious liability. The Mississippi punitive damages statute clearly states that the wrongful conduct must be committed by the "defendant against whom the punitive damages are sought." Miss. Code Ann. §11-1-65. As noted by the Mississippi Supreme Court, this statute "absolutely forecloses vicarious liability for punitive damages." *Duggins v. Guardianship of Washington*, 632 So. 2d 420, 423 (Miss. 1993). Therefore, U.S. Xpress, Inc. cannot be liable for punitive damages based on Colucci's conduct, and such claims must be dismissed.

### 1.     Punitive Damages Are Not Proper Against Thomas Colucci.

The Plaintiff's claim that Colucci was grossly negligent or reckless in running a stop sign and/or failing to inspect the tractor-trailer.[2] Colucci denies the allegations, and has stated that this was nothing more than a simple mistake, where he believed Robinson's oncoming car at night was farther away. Colucci has also denied that there were any failed inspections or maintenance problems with the tractor-trailer. Regardless, failure to yield or keep a proper lookout or failing to inspect a vehicle, without evidence of serious aggravating factors is not sufficient to support a claim for punitive damages under Mississippi law.

---

[2] Even if this were true, that failure also is simply a mistake and would not justify punitive damages.

"[T]here is no right to an award of punitive damages and such damages are to be awarded only in extreme cases." *Doe ex rel. Doe v. Salvation Army*, 835 So.2d 76, 79 (¶6) (Miss. 2003) (quoting *South Central Bell v. Epps*, 509 So.2d 886, 892 (Miss.1987)).  In considering a motion for summary judgment on the issue of punitive damages, the trial court must look to the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find that the defendant(s) acted with malice, gross neglect or reckless disregard. *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (¶15) (Miss. 2006) (citing *Ross-King-Walker, Inc. v. Henson*, 672 So. 2d 1188, 1191 (Miss. 1996)).

Statutory law provides as follows:

> Punitive damages may not be awarded if the claimant does not prove by *clear and convincing evidence* that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. §11-1-65(1)(d) (as amended) (emphasis added).  The statute "clearly states" that only if these criteria are met is the trial court to even consider whether the issue of punitive damages may be submitted to the trier of fact.  *Doe*, 835 So.2d at 79.

As noted above, gross negligence has been defined as "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them."  *Ezell v. BellSouth Telecommunications, Inc.*, 961 F. Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So. 2d 644, 645 (Miss. 1958)).  In the context of operating a motor vehicle, reckless disregard has been defined as "the voluntary doing by a motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary refraining from doing a proper and prudent act when such an act or failure to act evinces **an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of a chance of an accident happening without**

**intent that any occur**." *Jackson v. Payne*, 922 So. 2d 48, 51-52 (¶7) (Miss. Ct. App. 2006)

(citing *Turner v. City of Ruleville*, 735 So. 2d 226, 228-29 (¶11) (Miss. 1999) (emphasis added).

     The Mississippi Supreme Court rarely permits punitive damages in motor vehicle

accident cases, especially when the alleged conduct does not exceed normal traffic violations.

*Dawson v. Burnette,* 650 F.Supp.2d 583, 585–86 (S.D.Miss.2009) (citing *Walker v. Smitty's*

*Supply, Inc.,* 2008 WL 2487793, at *6 (S.D.Miss. May 8, 2008)).  A good example of this is the

case of *Aldridge v. Johnson*, 318 So.2d 870 (Miss. 1975).  In *Aldridge*, the Court found a trial

court's allowance of a punitive damage instruction to be inappropriate in an automobile accident

case where the defendant was traveling 70 miles per hour on the wrong side of the road, had just

passed a sign indicating an intersection and advising motorists to "SLOW TO 45," crossed a

double-yellow line to enter the opposing lane of travel while attempting to pass two automobiles,

all while it was raining.  *Id*. at 871.  The Court held that this evidence of violations of law and

regulation was insufficient to support a punitive damages award because "there was no willful,

gross and wanton negligence" on the part of the driver.  *Id*. at 872.  Citing an older case, the

Court stated:

> [t]he kind of wrongs to which punitive damages are applicable are those which,
> besides the violation of a right or the actual damages sustained, import insult,
> fraud or oppression and not merely injuries but injuries inflicted in the spirit of
> wanton disregard for the rights of others. In order to warrant the recovery of
> punitive damages, there must enter into the injury some element of aggression or
> some coloring of insult, malice or gross negligence, evincing ruthless disregard
> for the rights of others, so as to take the case out of the ordinary rule.

*Id*. at 872-73 (quoting *Fowler Butane Gas Company v. Varner*, 244 Miss. 130, 150-51, 141

So.2d 226, 233 (Miss. 1962).

     Similarly, in *Francois v. Colonial Freight Sys., Inc.,* WL 4459073 (S.D.Miss. 2007), the

Plaintiff sought punitive damages, arguing that Defendant failed to keep a proper lookout and did

not drive appropriately for a commercial driver.  The district court granted partial summary judgment on the punitive damages claim, recognizing that those errors are simply not enough to support allow punitive damages.  *Francois*, WL 4459073 at *5.  Another case on point is *Wimbley v. Mathis*, WL 1890940, at *2-3 (N.D. Miss. 1994), in which the district court found allegations that driver failed to keep his vehicle under proper control, failed to keep a proper lookout ahead, failed to obey a stop sign and yield the right of way, and failed to operate his vehicle in accordance with applicable statutes, was not sufficient to establish gross negligence or reckless disregard for the purpose of awarding punitive damages under Mississippi law.  *Id.*

In the instant matter, the Plaintiff cannot produce any evidence from which a reasonable jury could find that Colucci's or U.S. Xpress' actions demonstrated "an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of a chance of an accident happening without intent that any occur."  *Jackson*, 922 So. 2d at 51-52.  It is admitted that Colucci was negligent in entering the intersection when Robinson was oncoming.  Colucci made a mistake.  However, there is no evidence that Colucci was dramatically speeding or violating multiple laws.  There is no evidence that Colucci violated any criminal law, was under the influence of any drug/alcohol, was texting or distracted with any device or violated any statutes or rules of the road in a willful or reckless manner.  At worst, Colucci failed to keep a proper lookout and failed to obey a stop sign or yield when he entered the intersection, much like *Wimbley*.  In fact, that is all that Plaintiff alleges Colucci did wrong, other than failure to inspect the tractor or check brakes (of which there is no evidence).  When compared to *Aldridge*, it is clear that this case is not one in which Mississippi statutory law or Supreme Court precedent would allow an award of punitive damages.  Thus, a claim for punitive damages cannot be sustained against Thomas Colucci based upon the evidence present in this

case, and partial summary judgment is proper.

The Mississippi Supreme Court has refused to allow punitive damages even in cases where liability is clear, such as in rear-end collision cases, as long as there were no criminal, drugs or extraordinary inflammatory factors. *Mayfield v. Johnson*, 202 So.2d 630 (Miss.1967). In *Mayfield*, the plaintiff-appellant was rear-ended by the defendant-appellee. *Id*. The defendant admitted to the responding officer that he was not paying attention to where he was going. *Id*. Nevertheless, the trial court granted a peremptory instruction denying plaintiff the right to recover for punitive damages. *Id*. at 631.

The Supreme Court affirmed, finding that there was "no doubt that the appellee did not keep a proper lookout and have his car under control to avoid striking the rear end of the appellant's station wagon," and that there was "little doubt that the appellee was operating his motor vehicle in excess of the forty mile per hour regulation." *Id*. at 631. The Court concluded, however, that the evidence did not warrant consideration of punitive damages, especially where there was also proof that the appellee had put on his brakes and tried to stop before hitting the appellee's car. The Court wrote, "[i]f under the facts of this case it can be properly held that punitive damages would be allowed, then there would be a deluge of cases seeking punitive damages whenever one vehicle was struck from the rear by another vehicle which was being driven at a speed in excess of the speed allowed and when the driver of the vehicle was not keeping a sharp lookout." *Id*. at 630.[3]

---

[3] *See also Decanter v. Builders Transport, Inc.*, 1996 WL 408844, *2 (N.D. Miss. 1996) ("Simple negligence resulting in a rear-end collision is insufficient to create an issue of material fact as to a punitive damages claim.");; *Francois v. Colonial Freight Systems, Inc.*, 2007 WL 4459073, *4 (S.D. Miss. 2007) (granting partial summary judgment on punitive damages claim where only proof offered by plaintiff was to the effect that the defendant's driver's actions fell below the standards set forth for operators of commercial motor vehicles; that defendant's driver rear-ended a vehicle that was clearly there to be seen in front of him; that defendant's driver failed to search for other vehicles as evidenced by the fact that he rear-ended the vehicle driven by the plaintiff; and that defendant's driver failed to operate his tractor-trailer in a safe manner).

Much like *Mayfield*, Colucci committed simple negligence at worst, and punitive damages are not appropriate.  There is no evidence of anything beyond a mere traffic violation, which the U.S. District Courts for the Northern and Southern Districts of Mississippi have long-held is not sufficient to allow punitive damages.  Much like, *Francois* and *Wimbley,* Colucci did nothing more than allegedly err as to stop sign and fail to keep a proper lookout for an oncoming motorist.  If this case is one in which punitive damages were allowed, every single vehicle accident in which someone pulled out or failed to yield or failed to keep a proper lookout would require punitive damages.  That result simply is not allowed under Mississippi law.  With no evidence of malice or egregious or criminal conduct, summary judgment is proper and such claims for punitive damages must be dismissed.

## 2.    Punitive Damages Are Not Proper Against U.S. Xpress, Inc.

The Plaintiff states that he is entitled to punitive damages against U.S. Xpress, Inc. based on U.S. Xpress' actions in hiring, training, supervising and retaining Colucci as a company driver, and by "recklessly" failing to inspect or maintain the vehicle.  [Doc. 1, para. 42, 58].  Defendants do not admit that U.S. Xpress committed any wrongful actions/omissions, and would show that there is no proof whatsoever of failed maintenance or inspection.  However, even assuming the Plaintiff's contentions as true, there is no evidence that U.S. Xpress erred sufficiently to justify punitive damages.  Plaintiff has not identified any violations of state law or federal regulations committed by U.S. Xpress.

In Mississippi, Plaintiffs are required to provide proof of egregious actions/omission and violations in order to survive summary judgment on a punitive damages claim.  In this case, Plaintiff makes allegations, but those allegations have no evidentiary support.  In a case with much more serious allegations than the case at bar, the Mississippi Supreme Court agreed

summary judgment on punitive damages was proper for a motor carrier defendant. *Choctaw Maid Farms, Inc. v. Hailey*, 822 So.2d 911, 924 (¶58) (Miss. 2002). The Court summarized the facts in *Hailey* as follows:

> In the pre-dawn hours of July 18, 1996, Tom Hailey was traveling in the southbound lane of Mississippi Highway 21, in heavy fog, from Philadelphia, Mississippi, to begin a day of work in Forest, Mississippi. Odell Frazier, a CMF employee, was hauling his last load of chickens from the McDill Farm to the processing plant in Carthage, Mississippi. Shortly after pulling out of a private drive onto Highway 21 and into the Hailey's lane of travel (a country turn), Frazier's trailer and Hailey's vehicle collided. While the tractor part of Frazier's rig was entirely in the northbound lane, the trailer angled across the foggy highway over 17 feet into Hailey's lane of traffic, at an angle of slightly less than 90 degrees from the center line. *Frazier pulled onto the highway though his visibility was impaired due to the fog, and his trailer remained in Hailey's lane for over twenty seconds.* The accident occurred entirely within Hailey's southbound lane of travel. Hailey died as a result of injuries sustained in the wreck.

*Id*. at 913 (¶3).

The Plaintiff in *Hailey* offered the following allegations in support of a punitive damage claim:

> [Defendant corporation's] failure to: (1) train [driver] in the proper rules of the road under the conditions as they existed at the time of the accident, (2) maintain drivers' logs and maintenance logs of its equipment as required by federal law, (3) require its driver and vehicle inspectors to be conversant in the state and federal regulations which govern the maintenance and operation of tractor-trailer, (4) preserve the drivers' logs and vehicle maintenance logs for inspection after the accident, (5) maintain red reflex reflectors as required by federal law to warn approaching motorists that the trailer was obstructing their path of travel, (6) have lights visible by welding winches, and (7) properly license the defendant's trailer for a period of more than four years, set up a pattern of conduct by [defendant corporation] which provides facts and circumstances warranting submission to the jury of the issue of punitive damages as provided by Miss. Code Ann. § 11-1-65 (Supp. 2001).

*Id*. at 923 (¶52). In response to these allegations, the defendant corporation argued that the punitive damages statute "requires a relation between the wrongful act and the harm that resulted." *Id*. at 924 (¶55) (*citing* Miss. Code Ann. § 11-1-65) (as amended). Plaintiff pointed to

14

the trailer at issue having an expired license plate, the trailer being 18 years old and in a state of infrequent use, the missing log book, and the trailer's painted over reflectors. *Id.* at (¶58). Plaintiff also made much of the defendant driver's difficulty with the English language, arguing that this prevented him from being conversant with federal regulations. *Id.*

The *Hailey* Court affirmed summary judgment on the issue of punitive damages, finding that there was "no nexus between the alleged gross negligence of [defendant corporation] and the accident." *Id.* at (¶57). Significantly, the Court went on to state that these allegations, even if true, did not reach the level of gross negligence. *Id.* As in *Hailey*, Robinson cannot point to any conduct on the part of U.S. Xpress that contributed in any way to the accident which is the subject matter of this litigation.

Other courts in Mississippi agree punitive damages are not allowed unless the level of actions/omissions from the motor carrier amount to insult, fraud and malice and disregard for others. For instance, in *Littlejohn v. Werner Enterprises, Inc.*, WL 3868092, at *3 (N.D. Miss. 2015), Carvey drove for Werner and was involved in an accident. Plaintiffs alleged punitive damages against Werner for allegedly failing to properly train, supervise, or retain Carvey, stating that Carvey had a number of prior accidents, including accidents while driving with Werner before the instant wreck. *Littlejohn*, WL 3868092, at *3. As to the accidents while employed, the court noted that Carvey, Werner's driver, was involved in three incidents during a five month span before the accident at issue.

> Once, Carvey backed up his truck into soft terrain and got it stuck. A different time, in order to protect his cargo from being stolen, Carvey attempted to back his truck up closely to a building, but accidently made contact with the building. On the third occasion, he again became stuck in soft terrain, although it is not clear whether he was backing up at the time.

*Littlejohn v. Werner Enterprises, Inc*., 2015 WL 3868092, at *3 (N.D. Miss. June 23, 2015).  The Plaintiff argued that these were proof that Carvey was a danger to the public, but the Court noted that Werner took substantial steps to ensure safety.  *Id.* After reviewing the totality of the evidence, the court held that Plaintiffs did not have clear and convincing evidence that Werner acted maliciously, grossly negligent or fraudulent.  *Id* at *4.

The U.S. District Court for the Southern District of Mississippi heard a case with similar allegations and agreed that punitive damages were not allowed.  *See Curd v. W. Exp., Inc.,* 2010 WL 4537936, at *3 (S.D.Miss. Nov. 2, 2010) (finding punitive damages not appropriate against the motor carrier even though employee received approximately three speeding tickets, was involved in ten prior accidents, allegedly received no training in seven years of work other than initial safety training, and was not medically qualified to drive the trailer due to poor vision).

In this case, Plaintiff only lists two avenues for punitive damages against U.S.Xpress:  an unsupported allegation of "reckless" failing to maintain the tractor-trailer, and negligent entrustment claims as a basis for punitive damages, which are ineffective.  Defendants do not admit that U.S. Xpress failed in any way with their hiring, retention, training and supervision of Martin or maintenance of the tractor-trailer.  In contrast, U.S. Xpress properly supervised and trained Colucci by providing a handbook and training classes and a road test.  Colucci was hired with a valid license, a clean motor vehicle record and met all legal qualifications to drive.  Even assuming the evidence in a light most favorable to Plaintiff, any faults would only amount to simple negligence.  The Mississippi Supreme Court in *Hailey* specifically stated significant serious corporate failures were *not sufficient* to warrant imposition of punitive damages.  The U.S. District Courts of Mississippi heard similar claims in *Littlejohn* and in *Curd*, cited supra, and found that an accident history, a company's alleged failure to train and other alleged

problems were not sufficient to warrant punitive damages.

In the instant case, Colucci had one minor property damage incident in which he damaged another trailer's door while employed with U.S. Xpress. *Ex. A & B*. Otherwise, he had a clear driving record and a valid commercial driver's license. Plaintiff cannot credibly state that U.S. Xpress's actions or inactions on hiring, training, supervising or retaining amount to "clear and convincing evidence" of malice or fraud or grossly negligent conduct. As such, it would be error to submit the issue of punitive damages to the jury based upon conduct of U.S. Xpress. Summary judgment on the punitive damages claims is appropriate.

### 3. Punitive Damages Cannot Be Assessed Against U.S. Xpress Based On Vicarious Liability.

Mississippi law does not allow punitive damages to be assessed against U.S. Xpress through vicarious liability for Colucci's actions. *See e.g. Doe v. Salvation Army*, 835 So. 2d 76, 82 (Miss. 2003). *See also Bradley v. Wal-Mart Stores, Inc*., 2006 WL 2792338, *4 (S.D. Miss. 2006) (citing *Duggins v. Guardianship of Washington*, 632 So. 2d 420, 423 (Miss. 1993) ("Under § 11-1-65, punitive damages may not be awarded unless the Plaintiff proves by clear and convincing evidence that the *defendant against whom the punitive damages are sought* acted with actual malice or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others. (Emphasis added.) This statute "absolutely forecloses vicarious liability for punitive damages."); *Decanter v. Builders Transport, Inc.*, 1996 WL 408844, at *2 (S.D. Miss. 1996) (finding, in accordance with Miss. Code Ann. § 11-1-65, that an employer "cannot be liable for punitive damages on the basis of vicarious liability.").

In another case on this issue, the Mississippi Supreme Court evaluated whether punitive damages could be properly assessed against Dollar General Store for its employee, Thornton, who violated store policy by chasing a shoplifter outside and assaulting him. *Gamble v. Dollar*

*General Corp*, 852 So.2d 5, 15 (Miss. 2003).  Even though Dollar General may have failed to properly train Thornton, Dollar General had policies in place, and the actions of Thornton were her own actions.  *Gamble*, 852 So.2d at 15.  The Court held that "clearly, punitive damages should not have been allowed." *Id*.  Therefore, even if Colucci acted in some egregious way, which U.S. Xpress wholly denies, then punitive damages are not allowed against U.S. Xpress for Colucci's actions.

Federal district courts in Mississippi follow the above state law precedent.  For instance, in *Bradley v. Wal-Mart Stores, Inc.*, WL2792338 (S.D. Miss 2006) the southern district court held that punitive damages were not recoverable against an employer for the employee's actions, where the employer (Wal-Mart) did not establish policies or direct its employees to push items off of high shelves towards customers.  In *Dawson v. Burnette*, 650 F.Supp. 2d 583, 586 (S.D. Miss. 2009), the court noted that the truck owner would be entitled to summary judgment on punitive damage claim because the employer cannot be held vicariously responsible for punitive damages.  *See also Dinger v. American Zurich Ins.,* WL 580889 *4 (N.D. Miss. 2014) (holding that employer could not be held vicariously liable for punitive damages claim despite driver using a hand-held device while driving); *Lee v. Harold David Story, Inc.,* WL 3047500 (S.D. Miss. 2011) (holding that even if truck driver's actions amounted to gross negligence, same could not be imputed to his employer); *Roberts v. Ecuanic Exp., Inc.*, WL 3052838 at *3 (S.D. Miss. 2012) (holding that employer cannot be held vicariously liable for punitive damages claim against employee).

The well-established precedent cited above forecloses punitive damages from being assessed against U.S. Xpress, Inc. based on vicarious liability. This makes sense because punitive damages are designed to deter the wrong-doer from committing future wrongs.  Here,

U.S. Xpress is not the wrong-doer, and did not endorse or order some egregious, wrongful conduct by Colucci, so it would not serve as an appropriate punishment to assess punitive damages against U.S. Xpress merely because an accident occurred. Despite Plaintiff's speculation to the contrary, Colucci did nothing beyond simple negligence.

Discovery is admittedly ongoing and not yet complete. However, the legal question of whether punitive damages claims against Colucci can be imputed to U.S. Xpress is settled law. They cannot. A decision now is necessary to streamline discovery and prevent abuses during the discovery process. Currently, Plaintiff seeks an excessive and overly broad corporate deposition of U.S. Xpress on wide-ranging motor carrier topics despite admissions of liability, under the guise of seeking punitive damages. However, Plaintiff's theory of recovery is non-actionable as mentioned herein, so such discovery and depositions are irrelevant. Therefore, such claims against U.S. Xpress based on vicarious liability or respondeat superior must be dismissed.

**B.**     **Plaintiff's Direct Negligence and Negligent Entrustment Claims Must Be Dismissed.**

Plaintiff makes reference in his Complaint as to U.S. Xpress allegedly improperly qualifying, hiring, training and retaining Colucci, or allowing him to drive when U.S. Xpress knew or should have known of a danger. These allegations are denied. However, these are all negligent entrustment claims. Plaintiff's claims for negligent entrustment fail as a matter of law because those claims only exist to make the principal liable as well as the agent. In this case, U.S. Xpress and Colucci both admit that Colucci was driving in the course and scope of his employment at the time of the accident, and that U.S. Xpress is vicariously liable for Colucci's wrongful actions or omissions, if any, in conjunction with this accident. Agency is admitted. U.S. Xpress is liable because U.S. Xpress and Colucci have admitted that Colucci's simple negligence in entering the intersection was the sole proximate cause of the accident. [Doc. 63,

para 23, 30-31].   These admissions make the negligent entrustment causes of action moot. Mississippi cases have repeatedly supported the dismissal of negligent entrustment claims where the principal admits that it is vicariously liable for the agent's actions, if any, causing an accident.

First, Plaintiff bears the burden of proof on his claims of direct negligence against U.S. Xpress.  "Summary judgment is appropriate where a non-moving party who will bear the burden of proof at trial fails to establish the existence of an essential element of his case."  *Gorman-Rupp Company v. Hall,* 908 So. 2d 749, 757 (Miss. 2005).  The Plaintiff has not established the existence of any element of his claims of direct negligence against U.S. Xpress.  U.S. Xpress did not directly do anything to the Plaintiff, and the only assertions of fault against U.S. Xpress relate to U.S. Xpress' hiring, training and supervision and retention of Colucci.  Because the Plaintiff has produced no evidence of direct negligence against U.S. Xpress, partial summary judgment is appropriate.

In addition to the lack of facts, there is no legal basis for the claims of direct negligence against U.S. Xpress.  Mississippi courts have uniformly and consistently rejected and dismissed these claims. Claims of negligent entrustment, negligent hiring, negligent retention, negligent training, negligent supervision or any "non-*respondeat superior*" claims fail when the motor carrier has admitted that the driver was in the course and scope of his employment as U.S. Xpress has done in this case. *See, e.g., Welch v. Loftus*, 776 F. Supp. 2d 222, 225 (S.D. Miss. 2011)(rejecting claim of negligent entrustment where employer admitted vicarious liability and plaintiff contended that it was a claim for failing to train, supervise, and educate driver); *Cole v. Alton*, 567 F. Supp. 1084 (N.D. Miss 1983)(no claim of negligent entrustment survives when vicarious liability is admitted); *Hood v. Dealers Trans. Co.*, 459 F. Supp. 684 (N.D. Miss.

1979)(negligent entrustment claim requires negligent act by person entrusted with vehicle, thus the claim is immaterial when vicarious liability is admitted).

The following cases are also instructive: *Roberts v. Ecuanic Exp., Inc.,* 2012 WL 3052838 (S.D. Miss. July 25, 2012)("once an employer has admitted that it is liable for an employee's actions, evidence pertaining only to issues of negligent hiring, entrustment, supervision, or maintenance becomes superfluous and possibly unfairly prejudicial."); *Lee v. Harold David Story, Inc.*, 2011 WL 3047500 (S.D. Miss. July 25, 2011)(summary judgment granted on claims of direct negligence for failing to supervise, negligent retention, failing to provide safety training against employer); *Gaddis v. Hegler*, 2011 WL 2111801 (S.D. Miss. May 26, 2011)(summary judgment granted on claims of negligent entrustment, negligent hiring, failure to train, negligent supervision, and negligent retention); *Curd v. Western Express, Inc.*, 2010 WL 4537936 (S.D. Miss. 2010)("[I]t is unnecessary for plaintiff to present evidence of negligent entrustment, or for that matter negligent hiring or training, where the defendant employer admits liability."); *Booker v. Hadley*, 2009 WL 2225411 (S.D. Miss. July 23, 2009)(dismissed non-respondeat superior claims against employer in light of the employer's admission that employee was acting in the course and scope of his employment at all relevant times); *Walker v. Smitty's Supply, Inc.,* 2008 WL 2487793 (S.D. Miss. May 8, 2008)(dismissed negligent entrustment claim where employer confessed vicarious liability).

In *Bass v. Hirschbach Motor Lines, Inc.* 2014 U.S. Dist. WL 5107594 (S.D. Miss. Oct. 10, 2014), plaintiff brought a negligence suit against a tractor-trailer operator and his motor carrier after the driver "suddenly moved into the lane of traffic occupied by [the plaintiff], striking the rear quarter panel of her vehicle so violently as to knock out all the glass and thrust her vehicle in front of the tractor-trailer, which was traveling approximately 50 to 55 miles per

hour." *Id.* at 1. According to the plaintiff, the operator "was so inattentive at the time of the collision that he not only failed to check for traffic in the outside lane before moving right, but after striking [the plaintiff's] vehicle he pushed it down the interstate an estimated distance of 1/4 mile . . . at an estimated speed of 50-55 miles an hour without ever realizing he had struck [the plaintiff's] car." *Id.*  The court held that a motion to dismiss claims of "negligent hiring, training, entrustment, supervision, retention, control, and the like" was proper after the motor carrier admitted vicarious liability for the tractor-trailer operator's conduct. *Id.* at 2.  Other recent district court decisions have similarly ruled that negligent entrustment and direct negligence claims must be dismissed where the company admits vicarious liability.  *See Coleman v. Swift Transp. Co. of Arizona, LLC*, WL 3533322 (N.D. Miss. 2014); *Littlejohn v. Werner Enters.*, WL 3868092 (N.D. Miss. 2015); *Cameron v. Werner Enters.*, WL 4393068 (S.D. Miss. 2015); *Carothers v. City of Water Valley*, WL 2129701 (Miss. Ct. App. 2017).

As these cases demonstrate, Plaintiff's claims of negligent entrustment, negligent qualification, hiring, training, supervision, and any direct negligence claim for improper maintenance fails as a matter of law since U.S. Xpress has admitted Colucci was in the course and scope of his employment at the time of the accident.    This only makes sense, because if U.S. Xpress was negligent in training/hiring/supervising Colucci, or negligently failed to maintain the vehicle, but Colucci did not cause an accident, there would be no liability.  If Colucci did cause the accident, and in this case U.S. Xpress has admitted fault and vicarious liability for Colucci's actions, then whether U.S. Xpress negligently trained, supervised, hired, or maintained the vehicle is superfluous and moot, because U.S. Xpress is already liable.  To hold otherwise, would be to make U.S. Xpress doubly liable, which is not in accordance with reasonable logic, controlling law, and precedent.  It is of no matter that discovery is not complete

at this time, because this is a legal rule that applies once the admission of vicarious liability has been made.   Accordingly, Plaintiff's claim against U.S. Xpress for direct negligence and/or negligent entrustment is non-actionable and partial summary judgment is proper.

## IV.  CONCLUSION

There is no significant probative evidence, much less "clear and convincing evidence," as to the existence of any triable issue of fact relevant to the issue of punitive damages.  Therefore, the Court should grant Defendants' Motion for Partial Summary Judgment, and find that punitive damages against U.S. Xpress, Inc. and Colucci are not warranted or allowed.  As pointed out above, U.S. Xpress, Inc. and Colucci have admitted U.S. Xpress' simple negligence and full liability for the collision.  Regardless, Plaintiff has not shown anything more than evidence of simple negligence at worst.  Even if a jury were to accept Plaintiff's allegations in total, the Plaintiff still would not be entitled to punitive damages based on controlling law and well-established precedent.  Therefore, Defendant's Motion for Partial Summary Judgment should be granted, and any claim for punitive damages should be dismissed.  Additionally, all direct negligence claims and negligent entrustment claims against U.S. Xpress, Inc. should be dismissed, as Plaintiff have not advanced any credible evidence of same, and U.S. Xpress has admitted that Colucci was an employee acting within the course and scope of his employment. Defendants respectfully request that such claims be dismissed.

If Defendants have requested wrong or insufficient relief, then they request any and all relief to which they may be entitled in the premises.

THIS the 23rd day of August, 2017.

Respectfully Submitted,

U.S. XPRESS, INC. and
THOMAS COLUCCI

By Their Attorneys,

DunbarMonroe, PLLC


_s/ David C. Dunbar_
David C. Dunbar
Morton W. Smith

OF COUNSEL:
David C. Dunbar (MSB #6227)
Morton W. Smith (MSB #101646)
*DunbarMonroe, PLLC*
270 Trace Colony Park, Suite A
Ridgeland, Mississippi  39157
Office: 601-898-2073
Facsimile: 601-898-2074
Email: *dcdunbar@dunbarmonroe.com*
       *mwsmith@dunbarmonroe.com*


## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have filed the above and foregoing document with the Court's electronic case filing system, which sent notification to the following interested parties:

John D. Giddens, Esq.
John D. Giddens, PA
226 North President Street
P O Box 22546
Jackson, MS  39225-2546

THIS the 23rd day of August, 2017.


_s/ David C. Dunbar_
David C. Dunbar
Morton W. Smith